IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Boxed, Inc., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-10397 (BLS)<br><br>Jointly Administered |
| Boxed Liquidation Trust,<br><br>Plaintiff,<br><br>vs.<br><br>Google, LLC<br><br>Defendant. | Adv. Pro. No._____ |

**COMPLAINT FOR (I) CONVERSION OF PLAINTIFF'S
PROPERTY BY DEFENDANT, (II) UNJUST ENRICHMENT,
(III) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO
11 U.S.C. § 542(a) AND (IV) TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The Boxed Liquidation Trust (the "Plaintiff"), acting by and through its trustee (the "Trustee"), together with its undersigned counsel, files this complaint (the "Complaint") against Google, LLC (the "Defendant") for (i) conversion of property of the Plaintiff (ii) unjust enrichment, (iii) turnover of property of the estate pursuant to 11 U.S.C. § 542(a) and to (iv) disallow claims pursuant to 11 U.S.C. §502. In support of this Complaint, Plaintiff alleges as follows:

---

¹ The Debtors in these chapter 11 cases: Boxed, Inc.; Boxed, LLC; Jubilant LLC; Ashbrook Commerce Solutions LLC; and BOXED MAX LLC.

**NATURE OF THE CASE**

1. Plaintiff seeks to recover $19,446.36 from Defendant that was paid on behalf of Plaintiff to Defendant on February 8, 2024 (the "Duplicate Payment"). The Duplicate Payment was paid to Defendant to preserve digital assets of the Plaintiff that were only accessible through Defendant's "Google Workspace" cloud-based application and digital storage platform. At the time of the payment, Google Workspace was the primary storage location for the vast majority of the books and records of the above-captioned debtors (the "Debtors"). The Debtors' books and records became the responsibility of the Plaintiff upon formation on September 1, 2023, including the payment of monthly licensing fees starting October 1, 2023.

2. As of October 1, 2023, the Debtors were current on all amounts due and owing on account of the Google Workspace account. However, on that date, the Defendant showed an open balance of $19,584.70 for the Google Workspace account. The Debtors had previously sent two payments by wire transfer (the "Wire Payments") to the Defendant on July 14, 2023 and August 3, 2023 totaling $19,446.36 (the amount of the Duplicate Payment). Despite efforts by the Debtors at the time, the Wire Payments were neither returned to the Debtors nor did Defendant apply such payments to the Google Workspace open balance.

3. Prior to making the Duplicate Payment, Defendant demanded that the Plaintiff pay all allegedly outstanding amounts or the Plaintiff would lose access to the Google Workspace account. Indeed, Defendant suspended access on at least one occasion. Ultimately and in order to have uninterrupted access to the books and records, on February 8, 2024, a payment totaling

$32,326.94 was made on behalf of the Plaintiff to Defendant. That payment covered all allegedly unpaid invoiced amounts owing through February 8, 2024, which included the Duplicate Payment.

4. The Defendant cannot receive a windfall by receiving both the Wire Payments and the Duplicate Payment for the same obligation. This Complaint seeks the return or refund to the Plaintiff of the Duplicate Payment.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the District of Delaware (the "Court"), captioned *In re Boxed Inc, et al.,* Case No. 23-10397 (BLS), pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 and Article XVI of the Plan (as defined below).

6. This adversary proceeding is initiated under rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the relief requested herein may be ordered pursuant to sections 105(a), 502, and 542 of the Bankruptcy Code.

7. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b), the Court may enter final orders for matters contained herein.

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

9. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**PROCEDURAL BACKGROUND**

10. On April 2, 2023 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). From the Petition Date and through the Effective Date of the Plan (as defined below), the Debtors continued to operate their businesses and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11. On August 31, 2023, the Court entered an order ("Confirmation Order")[2] confirming the *Second Amended Combined Joint Chapter 11 Plan of Liquidation and Disclosure Statement of Boxed, Inc. and its Debtor Affiliates Filed by Boxed, Inc.* (as confirmed, the "Plan").[3]

12. Among other things, the Confirmation Order established the Plaintiff and appointed the Trustee as the trustee of the Plaintiff. On September 1, 2023 (the "Effective Date"), the Plan went effective.[4]

13. The Trust was established on the Effective Date in accordance with the terms of the Plan and that certain *Liquidating Trust Agreement* by and among the Debtors and the Trustee (the "Trust Agreement").[5]

14. In accordance with the Plan and Trust Agreement, the Plaintiff shall maintain all of the Debtors remaining books and records.[6]

---

[2] Docket No. 424.

[3] Docket No. 409. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[4] Docket No. 433.

[5] Docket No. 397-1.

[6] *See* Plan §§ X.C, X.F; *see also* Trust Agreement § 9.2.

**THE PARTIES**

15. Under the Plan and the Liquidating Trust Agreement, the Trustee was appointed as trustee. Among other things, the Trustee is authorized and required to protect and enforce its rights to the Liquidation Trust Assets, which includes the Debtors' books and records and certain of the Debtors' causes of action.[7]

16. Defendant is a limited liability company organized and existing under the laws of the State of Delaware, and is headquartered in Mountain View, California. Google is owned by Alphabet Inc., a publicly traded company incorporated and existing under the laws of the State of Delaware and headquartered in Mountain View, California.

**FACTUAL BACKGROUND**

17. A predecessor to the Debtors, Giddy Inc. established a Google Workspace account with the Defendant on or about March 26, 2013, with billing ID number 0219-9833-1529 (the "Workspace Account").

18. Boxed LLC, a Debtor in these Chapter 11 Cases, is a successor by merger to Giddy Inc.

19. Boxed LLC maintained the Workspace Account throughout the Chapter 11 Cases until the Effective Date, at which time responsibility and control of the Workspace Account was transferred to the Plaintiff by operation of the Plan.

20. Included within the Workspace Account was certain of the Debtors books and records, including all of the Debtors internal and external emails.

21. On July 14, 2023, the Debtors paid $9,939.72 to Defendant by wire transfer. Attached hereto as Exhibit A and incorporated by reference is the outgoing wire (the "July Wire").

---

[7] Trust Agreement §§ 2.3(b), (g).

22. The July Wire was not applied to the outstanding balance owed on the Workspace Account. Attached hereto as <u>Exhibit B</u> and incorporated by reference is the account balance summary for the month of July 2023.

23. On August 3, 2023, the Debtors paid $9,506.64 to Defendant by wire transfer. Attached hereto as <u>Exhibit C</u> and incorporated by reference is the outgoing wire (the "<u>August Wire</u>").

24. The August Wire was not applied to the outstanding balance owed on the Workspace Account. Attached hereto as <u>Exhibit D</u> and incorporated by reference is the account balance summary for the month of August 2023.

25. Upon information and belief, on August 31, 2023, the Debtors' CFO, Mark Zimowski, contacted the Google Workspace helpdesk and inquired about the outstanding balance owed on the Workspace Account and why the Wire Payments had not been applied to the outstanding balance. Attached hereto as <u>Exhibit E</u> and incorporated by reference is the chat transcript of that conversation.

26. The Plaintiff made repeated failed attempts to either have the Wire Payments applied to the Workspace Account balance, or have the amounts refunded to the Plaintiff.

27. On or about January 2024, Defendant threatened to suspend access to the Workspace Account if the alleged outstanding balance was not paid in full.

28. February 8, 2024, to prevent the suspension of the Workspace Account, counsel to the Plaintiff sent a letter to Defendant explaining that the amount claimed to be outstanding by the Defendant would be paid to avoid suspension. The Plaintiff reserved all rights with respect to the Duplicate Payment. A copy of the letter is attached hereto as <u>Exhibit F</u> and incorporated by reference. The Defendant did not respond.

29. On February 8, 2024, a payment of was made on behalf of the Plaintiff totaling $32,162.28, the amount then allegedly outstanding inclusive of the Duplicate Payment for the

Workspace Account. Such payment was applied to the outstanding balance as reflected in the account balance summary for the month of February 2024, attached hereto as <u>Exhibit G</u> and incorporated by reference.

30. On February 19, 2025, counsel to the Plaintiff sent a draft of this complaint to counsel to the Defendant and requested a refund of the Duplicate Payment. As of the filing of this complaint, the Duplicate Payment has not been refunded.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**(Conversion)**

31. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

32. Defendant, without legal justification, has retained possession and/or control over the Duplicate Payment despite already being in possession of the Wire Payments.

33. Defendant's actions in retaining the Duplicate Payment are intentional, willful and without legal justification.

34. Defendant's actions in retaining the Duplicate Payment have resulted in a conversion of the Duplicate Payment.

35. Plaintiff has been damaged by Defendants' actions resulting in conversion of the Duplicate Payment and is entitled to all damages caused as a result of such tortious conduct including, without limitation, punitive damages for Defendant's intentionally wrongful and tortious conduct and its persistence in such wrongful and tortious conduct.

### **COUNT II**
**(Unjust Enrichment and Restitution)**

36. Plaintiff hereby incorporates all previous allegations as though fully set forth

herein.

37. This is a claim for unjust enrichment and restitution against Defendant in regard to the Duplicate Payment, which is asserted as an alternative claim for relief.

38. Defendant was in receipt of the Wire Payments but did not apply such amounts to the outstanding balance owed and thereafter insisted that such amount be paid by the Plaintiff.

39. Defendant knew or should have known that the Wire Payments satisfied amounts purportedly owing on account of the Workspace Account. Accordingly, Defendant does not have an economic interest in the Duplicate Payment.

40. Defendant has been unjustly enriched by its retention of the Duplicate Payment, and Plaintiff has been correspondingly impoverished.

41. In equity, good conscience, and justice, Defendant should not be entitled to retain the windfall or economic benefits that would be conferred upon Defendant if Defendant were to retain the Duplicate Payment.

42. Restitution should therefore be made by Defendant to Plaintiff in the amount of the Duplicate Payment.

## COUNT III
**(Turnover of Property or the Value of Such Property – 11 U.S.C. § 542)**

43. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

44. This is a claim for turnover of property of the estate against the Defendant in regard to the July Wire and August Wire, which is asserted as an alternative claim for relief.

45. Upon commencement of a bankruptcy case an estate is created consisting, inter alia, of "all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(2).

46. The Debtors' estate in the Chapter 11 Cases included the cash that was used to fund the July Wire and the August Wire.

47. Pursuant to 11 U.S.C. § 542(a):

> [A]n entity . . . in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, or account for, such property or the value of such property . . . .

11 U.S.C. § 542(a)

48. As the Debtors did not receive any goods or services in exchange for the July Wire or the August Wire, Defendant has no claim or right to maintain possession of the July Wire or the August Wire.

49. Defendant should be compelled to deliver the July Wire and the August Wire to the Plaintiff pursuant to 11 U.S.C. § 542.

50. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

51. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

52. Defendant is in possession of property of the estate, which property is recoverable under section 542 of the Bankruptcy Code.

53. Defendant has not paid the amount of the July Wire and the August Wire, or turned over such property, for which Defendant is liable under 11 U.S.C. § 542.

54. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the July Wire and August Wire, plus interest

thereon and costs.

55. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' estates or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the July Wire and August Wire.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A.  Awarding damages to Plaintiff including, without limitation, punitive damages, for Defendants' conversion of the Duplicate Payment in an amount not less than $19,446.36;

B.  In the alternative, a determination finding and declaring that Defendant has been unjustly enriched and damages in an amount not less than $19,446.36;

C.  In the alternative, turnover of the Wire Payments, in an not less than $19,446.36

D.  On Plaintiff's fourth claim for relief, in the event the Court grants the third claim for relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors until Defendant returns the Wire Payments to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

E.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

Date: April 1, 2025

**FOX ROTHSCHILD LLP**

*/s/ Stephanie Slater Ward*
Howard A. Cohen (DE 4082)
Stephanie Slater Ward (DE 6922)
919 North Market Street, Suite 300
Wilmington, DE 19899-2323
Telephone: (302) 654-7444
Facsimile: (302) 656-8920
Email: hcohen@foxrothschild.com
　　　　sward@foxrothschild.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Philip A. Weintraub (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
Email: ewilson@kelleydrye.com
　　　　pweintraub@kelleydrye.com

*Co-Counsel to Boxed Liquidation Trust*